UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANTWAN F. WHITEHEAD )<br>(Social Security No. XXX-XX-2595), )<br>)<br>         Plaintiff, )<br>)<br>  vs. )<br>)<br>MICHAEL J. ASTRUE, COMMISSIONER )<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>         Defendant. ) | 4:11-cv-141-RLY-WGH |

**ENTRY ON JUDICIAL REVIEW**

Antwan F. Whitehead ("Whitehead") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), which found him not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). 42 U.S.C. ' 301 *et seq*.

For the reasons stated below, the Commissioner's decision must be **AFFIRMED**.

**I.**     **Background**

    **A.**     **Procedural History**

Whitehead applied for DIB and SSI on October 8, 2009. (R. at 10). He alleged a disability onset date of May 17, 2008. (R. at 133-39, 140-42). Whitehead's application

1

was denied initially and on reconsideration. (R. at 91-112, 114-27). On April 22, 2011, an Administrative Law Judge ("ALJ") held a hearing, during which Whitehead and a vocational expert testified. (R. at 61-85). On April 29, 2011, the ALJ issued an opinion finding that Whitehead was not disabled. (R. at 17). The Appeals Council denied Whitehead's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (R. at 1-3). 20 C.F.R. §§ 404.955(a), 404.981. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . in [a] district court of the United States.

**B.     ALJ Findings**

The ALJ's decision included the following findings: (1) Whitehead met the insured status requirement of the Act through March 31, 2009; (2) Whitehead had not engaged in substantial gainful activity since May 17, 2008, the alleged disability onset date; (3) Whitehead suffered from two severe impairments: back pain and hypertension with a history of renal insufficiency; (4) neither impairment met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Whitehead had residual functional capacity ("RFC") to perform light work with the following limitations: he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; and he can occasionally stoop, kneel, crouch, and crawl; (6) Whitehead is unable to perform his past relevant work as an auto lube technician and production worker; (7) Whitehead was

born on June 28, 1973, and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date; (8) Whitehead has at least a high school education and can communicate in English; (9) transferability of job skills was not relevant because using the Medical-Vocational rules as a framework supported a finding that Whitehead was not disabled, regardless of whether his skills were transferable; and (10) considering Whitehead's age, education, work experience, and RFC, there existed significant jobs in the national economy he could perform. Based on these factual findings, the ALJ concluded that Whitehead was not disabled. (R. 12-17).

## II.     Legal Standards

In order to qualify for disability benefits, Whitehead must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in

order to determine whether a claimant is disabled.  The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4).  The burden of proof is on Whitehead during steps one through four; only after Whitehead has met his burden on these steps does the burden shift to the Commissioner for step five.  *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility.  *Perales*, 402 U.S. at 399-400.  Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner.  *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).  Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must uphold the decision under review.  *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

### III. Discussion

Whitehead raises one issue on appeal: whether the ALJ's RFC determination is supported by substantial evidence. Whitehead questions the ALJ's determination because he relied on and gave great weight (R. at 15-16) to the physical RFC assessment by Mangala Hasanadka, M.D., a Disability Determination Services reviewing physician. (R. at 426-33). Dr. Hasanadka opined that Whitehead: could lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours in an eight-hour workday and sit for six hours during such a workday; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, and crawl; and could frequently balance. (R. at 427-28). Dr. Hasanadka assessed no other limitations. The ALJ afforded great weight to Dr. Hasanadka's opinion because it was rendered more recently than the physical RFC assessment prepared by B. Whitley, M.D.[1], Dr. Hasanadka had the benefit of considering more record evidence, she was better able to evaluate Whitehead's complaints, and her opinion was consistent with the record's medical evidence. (R. at 16).

Whitehead argues that the ALJ erred in giving Dr. Hasanadka's opinion great weight because Dr. Hasanadka listed the findings from consultative examiner James Gatton, M.D.[2], but failed to discuss treatment and evaluation provided by David G.

---

[1] Dr. Whitley determined Whitehead had a physical RFC to perform medium work, but the ALJ declined to afford great weight to Dr. Whitley's findings, since the ALJ assigned a more restrictive RFC after considering Whitehead's testimony. (R. at 15).

[2] The ALJ refers to "Gatton James," (R. at 15) but her analysis pertains to Dr. Gatton's findings.

Changaris, M.D., Whitehead's pain management and rehabilitation physician.  Whitehead claims that Dr. Hasanadka failed to consider the entirety of Dr. Changaris's medical records.  He argues this failure meant Dr. Hasanadka's opinion should not have been given great weight.

Whitehead's claim is meritless.  Whitehead's treatments with Dr. Changaris predated Dr. Hasanadka's assessment, so Dr. Changaris's findings were available to Dr. Hasanadka.  Whitehead offers no evidence to suggest that Dr. Hasanadka ignored the treatment notes from Dr. Changaris.  Whitehead also fails to cite any law or regulation requiring a reviewing physician to explicitly mention every treating physician's findings in his RFC assessment for that reviewing physician's opinion to be given significant weight.  A second state agency physician, M. Ruiz, M.D., indicated on February 20, 2010, that he had "reviewed all the evidence in [the] file" and affirmed Dr. Hasanadka's assessment.  (R. at 434).  From this, the ALJ could reasonably infer that Dr. Hasanadka was familiar with all the medical evidence in the record, including Dr. Changaris's findings, when making his RFC determination.  The ALJ properly considered Dr. Hasanadka's familiarity with the other medical evidence in the record (20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6)) and reasonably gave Dr. Hasanadka's assessment significant weight in formulating Whitehead's RFC.

Moreover, the ALJ evaluated the other medical evidence in formulating Whitehead's RFC, including Whitehead's treatment history with Dr. Changaris. (R. at 14).

---

(R. at 423-25).

During a lumbar examination by Dr. Changaris, Whitehead demonstrated good bilateral strength, normal reflexes, and just below normal range of motion. (R. at 275). A straight leg raising test was non-diagnostic for radiculopathy. (R. at 275). While Whitehead described his pain as sometimes reaching nine on a scale from one to ten (R. at 331), he also stated that the pain lessened with modest, non-invasive treatment. (R. at 355). Second, the ALJ discussed Dr. Gatton's essentially normal findings from his examination of Whitehead (R. at 424), even as he gave Dr. Gatton's report little weight because of his heavy reliance on Whitehead's subjective description of his symptoms. (R. at 15). Finally, the ALJ gave significant weight to an earlier consultative exam by Richard P. Gardner, M.D. (R. at 15), which revealed normal results. (R. at 231-34). The ALJ's determination that Whitehead had the RFC to perform light work is therefore supported by substantial evidence.[3]

---

[3] The Commissioner also claims that Whitehead abandoned his argument by offering no evidence to support his assertion that Dr. Changaris's treatment notes would weigh strongly against giving Dr. Hasanadka's findings significant weight. Since the ALJ's RFC determination was supported by substantial evidence, the court need not address this claim.

## V. Conclusion

For the foregoing reasons, the ALJ's decision that Whitehead is not disabled is AFFIRMED.  Judgment consistent with this Entry shall now issue.

**SO ORDERED** this 18th day of January 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.